HODGE *vs.* ELLIS, GUARDIAN, *ad litem.*

EQUITY FROM FULTON. Contracts. Insurance. Parent and Child. Equity. (Before Judge Hammond.)

Jackson, C. J.— A man who had his life insured in two companies for $3,000 and $5,000 respectively, both payable to his minor adopted daughter, being in bad health and failing circumstances, borrowed money from another to pay premiums, and assigned to him the smaller policy. The contract stated that advances had been made to pay past assessments, and further advances might be made to pay future assessments, and the policy or ticket was assigned as collateral security, with power to hold and collect it for the purpose of reimbursing the assignee. A short time thereafter he made a second written contract with the same person. This recited that such person having agreed and guaranteed thereafter to pay the assessments on both certificates or policies as they should become due, and not to suffer them to lapse or become void, " I hereby agree that upon the collection of these policies, that he shall reserve for his own use and benefit a sum not exceeding twenty-five hundred dollars, or in case any circumstances should prevent his personal collection of these policies, then the party collecting shall pay to him, his heirs and assigns the sum specified. It is understood that the obligation assumed by J. R. Hodge in this transaction shall not exceed in amount twenty-five hundred dollars." The insured died, and the other party became his executor and guardian of the child. As guardian he collected the policies. He filed a bill, praying to be allowed to retain as his own $2,500 from the fund.

Held, that the second contract was not a contract to pay $2,500 in any event, regardless of the amount of assessments paid; nor was the amount to be retained limited to the payments made, with interest thereon; but an equitable sum should be allowed for his services in watching the business and saving the insurance for the beneficiary.

(a) There was no wagering of policies in either contract.

(b) Although the father may not have had the strict legal right

to make the second contract binding on the minor, yet equity will decree that its ward do what is right towards one who preserved the fund for her.

(c) This court fixes $1,000 as a reasonable amount to be paid in addition to the remuneration allowed complainant as executor and guardian. The question of any additional fee to be paid to the solicitor and guardian *ad litem* of the minor for services in this court is not concluded ; nor is the question of allowing fees to others passed upon. Code, §4284.

Judgment reversed.

Richard H. Clark; R. P. Trippe & Son for plaintiff in error.

W. D. Ellis for defendant.

